Andrews, J.
The default in the payment of interest due January 1, 1873, did not accelerate the time of payment of the principal sum due on the mortgage, unless it continued for thirty days thereafter. The defendant, by payment of the interest due at any time within that period, would be entitled to the benefit of the contract in respect to the credit given for the payment of the mortgage debt.
The payment of the interest due within the specified time was the only circumstance which, by the terms of the mortgage, would prevent the condition from attaching and the whole debt from becoming presently due. But the performance of a condition of a bond or other obligation is excused by the default of the obligee, or his absence, when his presence is necessary for the performance, or when by his act or omission it can be said that he prevented performance. (Com. Dig., “ Condition,” L. 4, 5, 6; Bryant v. Beattie, 4 Bing. N. C., 254, 263.)
In general a debtor, who is indebted on a money obligation, is bound, if no place of payment is specified in the contract, to seek the creditor and make payment to him personally. But this rule is subject to the exception that if the creditor is out of the State when payment is to be made, the debtor is not obliged to follow him, but readiness to pay within the State in that case will be as effectual as actual payment to save a forfeiture. (Co. Litt., 304, 2; Smith v. Smith, 25 Wend., 405; Allshouse v. Ramsey, 6 Whart., 331; South-worth v. Smith, 7 Cush., 391; Tasker v. Bartlett, 5 id., 359.) The judge, before whom the. case was tried, found that the plaintiff was absent from the State from the 8th of January, 1873, and that the defendant, during the whole of that month, had the money and was ready and willing to pay the interest. This, within the general rule, excused the defendant from actual performance of the condition. He had the whole month in which to make the payment to save the forfeiture. There is, however, the additional finding that the plaintiff had a residence in Troy during the whole time, and the proof shows that lie was an officer in the army, and unmar *237 ried, and made it his home at the residence of his mother in that city, where it had been from his childhood. It is also found that in January, after the plaintiff left the State, the defendant went to the residence of the plaintiff’s mother for the purpose of paying the interest to her, if she had authority to receive it, but was informed by the servant at the door that the mother was sick and unable to be seen, or to do any business. The defendant did not make his business known, but left on receiving information of the mother’s illness. It is claimed by the counsel for the plaintiff, that, although a creditor is absent from the State when a payment is due, if he has a house therein where he resides, it is the duty of the debtor to tender the money there, or otherwise his obligation is not discharged. How this may be, as a general rule, we do not now decide, but we think that no such duty rested upon the defendant in this case. Payment or tender to be valid must be made to the creditor, or to some person duly authorized to receive it, or to one who, although he may have no actual authority, has an apparent authority to act for the principal. (Bouv. L. Dic., Tit. “ Tender;” 2 Pars. on Cont., 615; Bingham v. Allport, 1 N. & M., 398; Kirton v. Braithwaite, 1 M. & W., 310.) It does not appear whether any person was authorized by the plaintiff to receive the interest. It was shown that no written authority had been given. Payment to one authorized by parol to receive it would doubtless be good, but the debtor was not bound to part with his money to a third person without satisfactory evidence of his authority. Heither the mother or any person at the mother’s residence had any apparent authority to receive the interest. It was not the son’s house, and the persons there were not his servants or agents. If the plaintiff desired that the money should be paid to his mother, he should have notified the defendant that she was authorized to receive it, and having left the State without doing so, the defendant was not obliged to.tender the money at her residence.
The case of Tasker v. Bartlett supports this conclusion. *238 The judgment should be reversed, with costs to abide the event.
All concur;. Miller, J., not sitting.
Judgment reversed.